# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided August 1, 2014

No. 13-7041

KATHRYN LYNN CAMPBELL, ON BEHALF OF HERSELF AND
SIMILARLY SITUATED EQUITY UNITS HOLDERS OF AMERICAN
INTERNATIONAL GROUP, INC.,
APPELLANT

v.

AMERICAN INTERNATIONAL GROUP, INC., ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cv-00115)

———

*Wendu Mekbib* was on the briefs for appellant.

*Robert F. Carangelo*, *Peter C. Thomas*, and *Paul C. Curnin*
were on the brief for appellees.

Before: GARLAND, *Chief Judge*, and SRINIVASAN and
PILLARD, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:  Kathryn Lynn Campbell contends that the American International Group, Inc. (AIG) and its board of directors wrongfully reduced the value of certain securities issued by AIG.  The district court dismissed Campbell's securities class action for lack of subject matter jurisdiction, holding that the Securities Litigation Uniform Standards Act of 1998 (SLUSA) does not confer federal jurisdiction over Campbell's state-law claims.  We agree.[*]

I.

In 2008, AIG issued 78.4 million "Equity Units," a type of security that included a stock purchase contract obligating holders to purchase AIG common stock.  AIG, Annual Report (Form 10-K) (Fiscal Year 2008).  According to Campbell, an Equity Unit holder, AIG and its directors depleted the investment value of the Equity Units by improperly reducing the number of common shares each Equity Unit holder was entitled to receive.  Campbell filed a securities class action in federal district court on behalf of herself and similarly situated investors.  Her complaint stated claims for unjust enrichment and breaches of the covenant of good faith and fair dealing under both Delaware and New York law.  Although she alleged violations of state law, Campbell did not invoke the district court's diversity jurisdiction.  Instead, she asserted subject matter jurisdiction principally under SLUSA, codified in relevant part at 15 U.S.C. §§ 77p(d) and 78bb(f)(3).  *See* SLUSA, Pub. L. No. 105-353, 112 Stat. 3227 (1998) (codified as amended at scattered sections of 15 U.S.C.).

---

[*] This case was considered upon the record from the United States District Court for the District of Columbia and upon the briefs submitted by the parties.  *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j).

AIG moved to dismiss for lack of federal jurisdiction over Campbell's state law claims. The district court granted the motion. *Campbell v. AIG*, 926 F. Supp. 2d 178 (D.D.C. 2013). We review the dismissal for lack of subject matter jurisdiction de novo, *Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel*, 606 F.3d 780, 786 (D.C. Cir. 2010), and we now affirm.

II.

Campbell's principal contention, below and on appeal, is that SLUSA confers federal jurisdiction over her class action. Congress enacted SLUSA in 1998, closely on the heels of the Private Securities Litigation Reform Act of 1995 (the Reform Act), Pub. L. No. 104-67, 109 Stat. 737 (codified as amended at scattered sections of 15 U.S.C.). *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 82 (2006). The Reform Act aimed to curb "perceived abuses of the class-action vehicle in litigation involving nationally traded securities" by imposing a number of limitations on federal securities class actions. *Id.* at 81. To avoid the "special burdens" associated with *federal* securities fraud class actions established by the Reform Act, plaintiffs "began bringing class actions under *state* law, often in state court." *Id*. at 82 (emphasis added). Congress then enacted SLUSA to stem the migration from federal to state court and "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives" of the Reform Act. 112 Stat. at 3227.

SLUSA amends the Securities Act of 1933 and the Securities Exchange Act of 1934 "in substantially identical ways." *Dabit*, 547 U.S. at 82 n.6; *compare* 15 U.S.C. § 77p (codifying amendments to the 1933 Act), *with* 15 U.S.C. § 78bb(a)(2), (f) (codifying amendments to the 1934 Act). To simplify the analysis, we, like the district court, focus our discussion on the amendments to the Securities Act of 1933.

*See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 637 n.3 (2006); *Dabit*, 547 U.S. at 82 n.6. Those amendments begin by clarifying that, "[e]xcept as provided in subsection (b), the rights and remedies provided by this title shall be in addition to any and all other rights and remedies that may exist at law or in equity." 112 Stat. at 3227-28 (codified at 15 U.S.C. § 77p(a)). As a general matter, then, SLUSA leaves state-law claims in place except as set forth in subsection (b).

Subsection (b) is SLUSA's "core provision." *Dabit*, 547 U.S. at 82. Referred to as the "preclusion provision," *Kircher*, 547 U.S. at 636, subsection (b) bars the bringing of certain state-law securities fraud claims as class actions, in either state or federal court. It provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

112 Stat. at 3228 (codified at 15 U.S.C. § 77p(b)). A "covered class action" refers to a lawsuit seeking damages on behalf of more than fifty persons. *See* 15 U.S.C. § 77p(f)(2). A "covered security" refers to a nationally traded security listed on a national exchange. *See* 15 U.S.C. §§ 77p(f)(3), 77r(b).

The next provision, subsection (c), "ensur[es] that federal courts will have the opportunity to determine whether a state action is precluded." *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009). It authorizes defendants to remove to federal district court "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)." 112 Stat. at 3228 (codified at 15 U.S.C. § 77p(c)). Subsection (c) provides for removal if the suit falls within the scope of subsection (b), i.e., if it alleges "claims of untruth, manipulation, and so on." *Kircher*, 547 U.S. at 642. Removal under subsection (c) is for a specific purpose: when a case is removed to federal district court under that provision, the court's jurisdiction is confined to examining whether the action in fact falls within subsection (b)'s scope of preclusion. If so, "neither the district court nor the state court may entertain it, and the proper course is to dismiss." *Id.* at 644. If not, "the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.*; *see also* 15 U.S.C. § 77p(d)(4) ("Remand of removed actions").

That brings us to subsection (d), the provision on which Campbell rests her assertion of jurisdiction. Entitled "[p]reservation of certain actions," subsection (d) states, in relevant part:

(1) Actions under State law of State of incorporation

(A) Actions preserved

Notwithstanding subsection (b) or (c), a covered class action described in subparagraph (B) of this paragraph that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other

entity) *may be maintained in a* State or *Federal court* by a private party.

15 U.S.C. § 77p(d)(1)(A) (emphasis added); *see also id.* § 77p(d)(1)(B) (imposing additional restrictions on the "covered class action[s]" preserved by subparagraph (A)). That provision limits the preclusive reach of subsection (b) by "preserv[ing]" certain class actions asserting claims under the law of the state in which the defendant is incorporated. *See Dabit*, 547 U.S. at 87. In light of the large number of corporations incorporated under the laws of Delaware, subsection (d)(1)(A) is often referred to as the "Delaware carve-out." *See Madden*, 576 F.3d at 964.

Focusing on the phrase, "may be maintained in a . . . Federal court," Campbell contends that subsection (d)(1)(A) functions as an independent grant of federal subject matter jurisdiction over the set of covered class actions falling within the Delaware carve-out. In other words, Campbell reads SLUSA to open the federal courthouse door to certain securities class actions based only on state law, even if no diversity of citizenship exists. Campbell's reading of the statute is untenable.

Campbell does not dispute that subsections (a), (b), and (c) address *preclusion*—that is, whether certain state-law class actions that might otherwise be justiciable are nonetheless "nonactionable" in either state or federal court. *Kircher*, 547 U.S. at 636 n.1. As the district court explained, "[s]ubsection (a) states the general rule": the federal remedies provided by the Securities Act do not preclude any other remedies that may exist. *Campbell*, 926 F. Supp. 2d at 181. Subsection (b) establishes an exception to that rule, precluding certain state-law securities fraud class actions. *Dabit*, 547 U.S. at 82-83. Subsection (c) "provides a limited grant of jurisdiction to render

subsection (b) effective": it authorizes removal of state-court class actions falling within the ambit of subsection (b). *Campbell*, 926 F. Supp. 2d at 181. But the federal court's "adjudicatory power" under subsection (c) extends only to determining whether the action is in fact precluded, in which event the federal court must dismiss it. *Kircher*, 547 U.S. at 644 & n.12.

Understood against that backdrop, subsection (d) "carefully" carves out exceptions to the preclusive reach of subsection (b). *Dabit*, 547 U.S. at 87; *see id.* (subsection (d) "exempts from [SLUSA's] operation certain class actions based on the law of the State in which the issuer of the covered security is incorporated"). There is no indication, however, that Congress intended subsection (d)(1)(A) to go substantially further, so as to *create* federal jurisdiction over a category of state-law securities class actions. To the contrary, the introductory clause of subsection (d)(1)(A)—"Notwithstanding subsection (b) or (c)"—confirms that the provision responds to subsections (b) and (c). It does not embark on a wholly independent mission to confer federal-court jurisdiction on state-law actions. Indeed, the operative language of subsection (d)(1)(A), which permits certain class actions to "be maintained in a State or Federal court," directly parallels the language of subsection (b). *See* 15 U.S.C. § 77p(b) (when conditions for preclusion are met, no such action "may be maintained in any State or Federal court"). That symmetry indicates that subsection (d)(1)(A)'s use of the phrase, "may be maintained," serves only to negate the preclusive effect of subsection (b) with regard to a certain category of class actions, nothing more. And subsection (d)(1)(A)'s use of the term "preserve[]," meaning "to keep (something) in its original state," *Merriam-Webster's Collegiate Dictionary* (online ed. 2014), manifests Congress's intent to retain the state-law claims falling within the Delaware

carve-out in their pre-SLUSA state—not to inject those claims into federal court for the first time.

The Supreme Court's decision in *Kircher* confirms our reading of the statute. *Kircher* involved state-court actions removed to federal district court pursuant to subsection (c) of SLUSA. The Supreme Court considered whether the district court's orders remanding the cases to state court were appealable. 547 U.S. at 636. The Court held that 28 U.S.C. § 1447(d)—which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"—barred appeal of the remand orders. *Id.* at 648. Noting that § 1447(d) applies to remands based on defects in removal procedure or lack of subject matter jurisdiction, *see Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346-48 (1976), the Court determined that the district court's orders fell in the latter category. 547 U.S. at 643-44. In reaching that conclusion, the Court rejected the defendants' contention that subsection (c) of SLUSA creates "jurisdiction greater than that necessary to render the preclusion decision." *Id.* at 644 n.12. The defendants argued that "[i]f there is any colorable claim that an action is precluded . . . the district court can keep the case for adjudication, even after concluding on the merits that the state-law claims are not precluded"; and because the court "has discretion to keep the case or remand to state court, a remand is not jurisdictional and hence is reviewable." *Id.* In response, the Supreme Court explained that "there is no indication whatsoever in [SLUSA] that, apart from its purpose to preclude certain vexing state-law class actions, Congress intended to add other state-law cases to the federal dockets." *Id.* That understanding fully applies to subsection (d), reinforcing our conclusion that subsection (d) does not independently create federal jurisdiction over any state-law class actions.

\* \* \* \* \*

For the foregoing reasons, we agree with the district court that SLUSA does not confer federal subject matter jurisdiction in this case. We have also considered Campbell's remaining arguments in favor of federal jurisdiction and find them to be without merit for the reasons explained by the district court. We therefore affirm the district court's dismissal of the complaint for lack of subject matter jurisdiction.

*So ordered.*