**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID RAINERO,
  *Plaintiff-Appellant*,

v.

ARCHON CORPORATION,
  *Defendant-Appellee.*

No. 14-17106

D.C. No.
2:07-cv-01553-GMN-PAL

OPINION

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted October 17, 2016
San Francisco, California

Filed December 21, 2016

Before: Sidney R. Thomas, Chief Judge, and
Carlos T. Bea and Sandra S. Ikuta, Circuit Judges.

Opinion by Chief Judge Thomas

## SUMMARY[*]

### Securities Litigation Uniform Standards Act / Jurisdiction

The panel affirmed the district court's dismissal of a class action suit, brought on behalf of a class of preferred stock shareholders, for lack of subject matter jurisdiction; and held, *inter alia*, that the Securities Litigation Uniform Standards Act did not provide an independent basis for federal question jurisdiction under 28 U.S.C. § 1331.

The sole claim in plaintiff's complaint was a breach-of-contract claim arising under Nevada law.

The panel held that the district court properly concluded that it lacked federal question jurisdiction under 28 U.S.C. § 1331 because the plaintiff did not assert a federal claim and the Securities Litigation Uniform Standards Act, 15 U.S.C. § 77p(d)(1)(A), did not provide an independent basis for federal question jurisdiction over plaintiff's state-law claim.

The panel also held that the district court properly concluded that it lacked diversity jurisdiction over the class action suit under 28 U.S.C. § 1332(d)(2) because of the exception in 28 U.S.C. § 1332(d)(9)(C), which provides that § 1332(d)(2) shall not apply to any class action that solely involves a claim relating to a security.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Finally, the panel held that the district court properly held that it lacked diversity jurisdiction over plaintiff's individual claim under 28 U.S.C. § 1332(a), and therefore could not exercise § 1367 supplemental jurisdiction over the class members' claims. Specifically, the panel held that plaintiff's original complaint did not even plead individual diversity jurisdiction, nor did it contain allegations that would be sufficient to create such jurisdiction. The panel further held that granting leave to amend would have been futile because plaintiff's proposed amended complaint also failed to allege a sufficient amount in controversy.

### COUNSEL

Joseph N. Mott (argued) and Steven J. Parsons, Law Offices of Steven J. Parsons, Las Vegas, Nevada; Steven E. Goren, Goren Goren & Harris P.C., Bingham Farms, Michigan; for Plaintiff-Appellant.

John Desmond (argued) and Justin J. Bustos, Gordon Silver, Reno, Nevada, for Defendant-Appellee.

## OPINION

THOMAS, Chief Judge:

This appeal presents the question, *inter alia*, of whether the Securities Litigation Uniform Standards Act, 112 Stat. 3227, provides an independent basis for federal question jurisdiction under 28 U.S.C. § 1331. We conclude that it does not, and affirm the district court's dismissal of this class action suit for lack of subject matter jurisdiction.

I

On August 20, 1993, Archon Corporation ("Archon"), a Nevada corporation with its principal place of business in Las Vegas, created a class of equity securities designated as Exchangeable Redeemable Preferred Stock ("preferred stock"). After filing a Certificate of Designation ("Certificate") with the Nevada Secretary of State, Archon issued shares of the preferred stock. The Certificate reserved Archon's right to redeem the preferred stock, in whole or in part, at Archon's election and upon providing notice to the shareholders. Upon redemption, shareholders would be entitled to $2.14 per share in addition to accrued, unpaid dividends. According to the terms of the Certificate, dividends would "cease to accrue on the shares redeemed . . . provided that the redemption price . . . has been duly paid or provided for."

On July 31, 2007, Archon issued a Notice of Redemption ("Notice") to the holders of outstanding shares of preferred stock, announcing its intent to redeem all outstanding shares of the preferred stock on August 31, 2007. The Notice also announced that the preferred stock's redemption price would

be $5.241 per share. Rainero, a resident of Pennsylvania, claims that he held 9,140 shares of preferred stock at the time of redemption.

On November 20, 2007, Rainero filed a complaint in the U.S. District Court for the District of Nevada, alleging breach of contract. He argued that, under the terms of the Certificate, the redemption price should have been $8.69 per share; therefore, he and other shareholders were entitled to an additional $3.45 per share. He brought the suit on behalf of himself and other holders of outstanding preferred stock at the time of redemption. According to Rainero's complaint, the class members held a total of 1,483,270 outstanding shares of preferred stock at the time of redemption. The sole basis for federal subject matter jurisdiction alleged in the complaint is 28 U.S.C. § 1332(d)(2), which confers federal subject matter jurisdiction over certain class action lawsuits.

Shortly before Rainero filed his complaint, the investment group D.E. Shaw Laminar Portfolios, LLC ("D.E. Shaw") filed a similar complaint against Archon. *D.E. Shaw v. Laminar Portfolios, LLC v. Archon Corp.*, 755 F. Supp. 2d 1122 (D. Nev. 2010). After Rainero filed his complaint, the investment group Leeward Capital filed its own complaint against Archon. *Leeward Capital, L.P. v. Archon Corp.*, 759 F. Supp. 2d 1249 (D. Nev. 2010). The three cases were consolidated only for the purpose of discovery; discovery in *D.E. Shaw* was to govern all three cases. On December 22, 2010, the district court held in *D.E. Shaw* and *Leeward* that the properly calculated redemption price was $8.69 and that Archon owed the shareholders of preferred stock an additional $3.449 per share. *D.E. Shaw*, 755 F. Supp. 2d at 1128; *Leeward*, 759 F. Supp. 2d at 1257. This Court subsequently affirmed the district court's decision in a

consolidated appeal.  *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 483 Fed. App'x 358 (9th Cir. 2012) (unpublished).

In light of the decisions in *D.E. Shaw* and *Leeward*, Rainero sought partial summary judgment as to the method for calculating the redemption price.  The district court granted Rainero's motion on November 7, 2013.  On January 21, 2014, Archon filed a motion to dismiss for lack of subject matter jurisdiction because the class members' claims did not reach the $5 million amount in controversy required by 28 U.S.C. § 1332(d)(2).  Archon argued in its motion to dismiss that the class held only 1,439,270 shares of preferred stock, and therefore the amount in controversy is only $4,964,042.23.  Without ruling on Archon's motion, the district court entered a minute order on September 11, 2014, requiring Rainero to show cause why the action should not be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(9), which excludes certain class actions from § 1332(d)(2)'s grant of subject matter jurisdiction.  Both parties submitted briefs addressing the issue of subject matter jurisdiction.  In addition, Rainero filed a motion for leave to amend his original complaint and submitted a proposed first amended complaint.  Whereas Rainero's original complaint relies solely on class action diversity jurisdiction under 28 U.S.C. § 1332(d)(2), his proposed first amended complaint also asserts federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 77p, individual diversity jurisdiction under 28 U.S.C. § 1332(a), and supplemental jurisdiction over the class members' claims under 28 U.S.C. § 1367.  The district court subsequently dismissed the case, without prejudice, for lack of subject matter jurisdiction.  Rainero timely appealed.  We review *de novo* a district court's dismissal of a complaint for lack of subject matter

jurisdiction.  *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

II

The district court properly held that it lacked federal question subject matter jurisdiction.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted).  The sole claim in Rainero's complaint was a breach-of-contract claim arising under Nevada law.  Because Rainero did not assert a federal claim, the district court lacked subject matter jurisdiction under § 1331.

Rainero argues that the Securities Litigation Uniform Standards Act ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified in relevant part at 15 U.S.C. § 77p), provides a basis for the district court's federal question jurisdiction under § 1331 because 15 U.S.C. § 77p(d)(1)(A) is a federal statute that allows certain class actions, including this one, to be maintained in either state or federal court.  Specifically, he asserts that this case is a "covered class action" under § 77p that is "based upon the statutory or common law of the state in which the issuer is incorporated," 15 U.S.C. § 77p(d)(1)(A), and therefore the federal district court has jurisdiction over this case.  Contrary to Rainero's arguments, SLUSA does not create an independent basis for federal

question jurisdiction. Although we have not had the occasion to review this issue, the D.C. Circuit addressed it in *Campbell v. American International Group, Inc.*, 760 F.3d 62, 63 (D.C. Cir. 2014), and held that SLUSA "does not confer federal jurisdiction over . . . state-law claims." We agree with and adopt *Campbell*'s analysis of this issue.

"As with any question of statutory interpretation, [a court's] analysis begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). "[W]hen deciding whether the language is plain, [courts] must read the words 'in their context and with a view to their place in the overall statutory scheme.'" *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) (citations omitted). If the statutory language is plain, we must enforce the statute according to its terms. *Jimenez*, 555 U.S. at 118.

As explained by the D.C. Circuit in *Campbell*, 760 F.3d at 64, the plain language of the provision shows that § 77p(a) simply preserves state law claims except as set forth in § 77p(b):

> **(a) Remedies additional**
>
> Except as provided in subsection (b), the rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.
>
> **(b) Class action limitations**
>
> No covered class action based upon the statutory or common law of any State or

subdivision thereof may be maintained in any State or Federal court by any private party alleging–

> **(1)** an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

> **(2)** that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(a)–(b). Subsection 77p(b) is commonly referred to as the "preclusion provision" because it bars individuals from bringing certain state-law securities fraud claims as class actions in either state or federal court. *See Campbell*, 760 F.3d at 64. Then, § 77p(c) ensures that federal courts have jurisdiction for the limited purpose of determining whether a certain state action is precluded under § 77p(b):

> **(c) Removal of covered class actions**

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c); *see Campbell*, 760 F.3d at 64. In short, subsection (a) provides the general rule, subsection (b) creates an exception to the general rule, and subsection (c)

gives a limited grant of jurisdiction to render subsection (b) effective. *See Campbell*, 760 F.3d at 65.

Considering these three preceding subsections, as the D.C. Circuit noted in *Campbell*, it is evident that the plain language of § 77p(d) "'carefully' carves out exceptions to the preclusive reach of subsection (b)":

**(d) Preservation of certain actions**

**(1) Actions under State law of State of incorporation**

**(A) Actions preserved**

Notwithstanding subsection (b) or (c), a covered class action described in subparagraph (B) of this paragraph that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity) may be maintained in a State or Federal court by a private party.

**(B) Permissible actions**

A covered class action is described in this subparagraph if it involves–

**(i)** the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively

from or to holders of equity securities of the issuer; or

**(ii)** any recommendation, position, or other communication with respect to the sale of securities of the issuer that–

**(I)** is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and

**(II)** concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 77p(d); *Campbell*, 760 F.3d at 65 (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006)).    As the *Campbell* court stated, "[t]here is no indication . . . that Congress intended subsection (d)(1)(A) to go substantially further, so as to *create* federal jurisdiction over a category of state-law securities class actions." *Campbell*, 760 F.3d at 65 (emphasis in original).  Indeed, "the introductory clause of subsection (d)(1)(A)— 'Notwithstanding subsection (b) or (c)'—confirms that the provision responds to subsections (b) and (c).  It does not embark on a wholly independent mission to confer federal-court jurisdiction on state-law actions." *Id.*

In summary, the district court here correctly concluded that it lacked federal question jurisdiction under § 1331 because Rainero did not assert a federal claim, and § 77p(d)(1)(A) does not provide an independent basis for federal question jurisdiction over Rainero's state-law claim.

## III

The district court also properly concluded that it lacked diversity jurisdiction over the class action suit under 28 U.S.C. § 1332(d)(2) because of the exception provided in 28 U.S.C. § 1332(d)(9)(C). Under § 1332(d)(2), a federal court may exercise diversity jurisdiction over a class that has more than 100 members who are minimally diverse and whose aggregated claims exceed $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(b); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). However, § 1332(d)(9)(C) bars the district court from exercising diversity jurisdiction under § 1332(d)(2) in this case. Subsection (d)(9)(C) provides that § 1332(d)(2) "shall not apply to any class action that solely involves a claim" that "relates to the rights, duties . . . and obligations relating to or created by or pursuant to any security."

Rainero does not dispute that the preferred stock was the type of security covered by § 1332(d)(9)(C). Instead, he argues that, because the shares of preferred stock were redeemed, and thereby cancelled, on August 31, 2007, "the Archon preferred stock was no longer in existence" when Rainero filed his complaint on November 20, 2007. As a result, he argues, § 1332(d)(9)(C) does not apply.

However, the plain language of § 1332(d)(9) does not require that the covered security be "in existence" at the time

the complaint is filed.  Rather, it applies to "any class action" solely raising claims relating to the rights, duties, and obligations "relating to or created by or pursuant to . . . any security."  28 U.S.C. § 1332(d)(9)(C); *see also Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 29 (2d Cir. 2010) (holding that § 1332(d)(9)(C) "applies to suits that enforce 'the terms of instruments that create and define securities'" (citation omitted)); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31–32 (2d Cir. 2008); *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 619–20 (7th Cir. 2012).  *See also Eminence Investors, LLLP v. Bank of N.Y. Mellon*, 782 F.3d 504, 506, 507 (9th Cir. 2015) (adopting the Second Circuit's analysis of 28 U.S.C. § 1332(d)(9) in *Greenwich Fin. Servs.* in interpreting the "virtually identical language" in 28 U.S.C. § 1453(d), which precludes CAFA removal for a claim that "relates to the rights, duties . . . and obligations relating to or created by or pursuant to any security.") Because Rainero's claim seeks to enforce the terms of the Certificate, which set forth the rights, duties, and obligations relating to the preferred stock, § 1332(d)(9)(C) divests the federal courts of jurisdiction under § 1332(d)(2).

IV

Finally, the district court properly held that it lacked diversity jurisdiction over Rainero's individual claim under 28 U.S.C. § 1332(a) and therefore could not exercise § 1367 supplemental jurisdiction over the class members' claims. Rainero did not allege individual diversity jurisdiction in his original complaint, nor did he allege facts that would, if proven, establish diversity jurisdiction.

For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a). Rainero did not allege diverse citizenship; he alleged only that he was a resident of Pennsylvania, and that Archon had its principal place of business in Nevada. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (noting that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). Nor did he make any allegation as to the amount in controversy for his individual claim, or that his individual claim exceeds $75,000 as required by § 1332(a).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). When a plaintiff originally files in federal court, as Rainero did here, "'the amount in controversy is determined from the face of the pleadings.'" *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation omitted). Therefore, "'[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings.'" *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citation omitted). Given the lack of pleading as to diverse citizenship and amount in controversy, the original complaint plainly failed to allege all the "essential elements of diversity jurisdiction," *id.*, required under § 1332(a). Therefore, the district court correctly determined that it lacked diversity jurisdiction.

Rainero alleged in his proposed first amended complaint that the amount in controversy for his individual claim

exceeded $75,000, without offering further explanation.[1] However, in both his original complaint and the proposed first amended complaint, Rainero sought damages only for a difference in $3.45 per share.  He conceded in discovery, and in briefing, that he owned 9,140 shares; therefore, his maximum individual damages would be $31,533.  Thus, granting Rainero leave to file his proposed first amended complaint would have been futile in establishing individual diversity jurisdiction because the amount in controversy pleaded, by his own concession, did not exceed $75,000.

Rainero argues, in briefing, that he may be entitled to additional damages in excess of $75,000 in the form of post-August 31, 2007 dividends.  However, Rainero did not make this claim in his original complaint; he alleged damages only in the amount of $3.45 per share.  Rainero's proposed amended complaint alleges the same amount of damages, and again contains no mention of this additional liability and damage theory.  Accordingly, Rainero placed in controversy only a potential individual claim for $31,533, far below the requirement for individual diversity jurisdiction.  Thus, his tendered amended complaint was facially deficient to establish federal jurisdiction, and the district court did not abuse its discretion in denying leave to file it.

In sum, Rainero's original complaint did not even plead individual diversity jurisdiction, nor did it contain allegations that would be sufficient to create such jurisdiction.  As a result, no diversity jurisdiction existed over his individual claim, and the district court could not exercise supplemental

---

[1] He also failed to plead diverse citizenship, but all parties concede that diversity of citizenship existed, so we need not reach that issue, although the proposed pleading on its face is plainly deficient.

jurisdiction over the class members' claims. The district court did not abuse its discretion in declining to grant Rainero's motion for leave to amend his complaint. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

Granting leave to amend would have been futile because Rainero's proposed amended complaint also failed to allege a sufficient amount in controversy, and the district court did not abuse its discretion by failing to afford Rainero yet another opportunity to cure the jurisdictional defect rather than dismissing the complaint without prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that futility and failure to cure justify denial of leave to amend).

V

We recognize that this litigation proceeded for several years before the district court dismissed it for lack of subject matter jurisdiction. If a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long the litigation has been ongoing. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, objections to subject matter jurisdiction may be raised at any time, "even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013). This is true even though such an objection "may also result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If a court determines that it lacks subject matter

jurisdiction, it is required to "dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The district court properly dismissed Rainero's complaint for lack of jurisdiction. We need not, and we do not, reach any other issue urged by the parties.

**AFFIRMED**.