NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYRUS MARK SANAI, | No. 23-16112 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-00528-KJM-CKD |
| v. | |
| DARREN COBRAE, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted May 29, 2026**

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges

Cyrus Mark Sanai appeals the district court's dismissal of his suit for lack of jurisdiction. We have jurisdiction over his appeal under 28 U.S.C. § 1291, and we review the district court's dismissal for lack of subject matter jurisdiction de novo. *Perez Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.   The district court correctly concluded that it lacked federal question jurisdiction.   Sanai seeks to vacate a judgment entered against him under an arbitration proceeding because he was allegedly deprived of due process, raising a federal question.  On appeal, Sanai raises for the first time that he is entitled to relief under 42 U.S.C. § 1983, a statute that requires a state actor.  But Sanai did not allege any state action in his complaint.  "[C]onduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A person is deemed a state actor if he is a state official, acts in close correspondence with state officials, or because his conduct is "otherwise chargeable to the State."  *Id.*   Sanai did not assert a claim against the State of California or an arm of the State.  Cobrae is neither a state official, nor an individual working in tandem with the State.  So the due process violations Sanai asserts fail to establish federal question jurisdiction.  *See Price v. Hawaii*, 939 F.2d 702, 707–09 (9th Cir. 1991).

2.   The district court also correctly concluded it lacked diversity jurisdiction. Diversity jurisdiction exists in controversies between citizens of different states where the amount in controversy exceeds $75,000.    28  U.S.C.  § 1332(a). Citizenship is determined by a party's domicile on the date the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (9th Cir. 1989) ("The existence of federal jurisdiction

ordinarily depends on the facts as they exist when the complaint is filed."). Thus, "[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (simplified). Sanai's complaint states that he and Cobrae were California residents as of the filing of the complaint. "Given the lack of pleading as to diverse citizenship . . . the original complaint plainly failed to allege all the essential elements of diversity jurisdiction[] . . . ." *See Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (simplified). Sanai now claims that Cobrae relocated to Hawaii at some point around the commencement of the lawsuit. While we can be "generous in construing a complaint," we cannot "go beyond the face of the complaint, as well as the record, to impute allegations that contradict the complaint." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1183 (9th Cir. 2025) (simplified).

3. Because the district court lacked subject matter jurisdiction, we do not reach Sanai's other claims.

**AFFIRMED.**