# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 4, 2009         Decided June 1, 2010

No. 08-5479

NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION,
AFL-CIO,
APPELLANT

v.

FEDERAL SERVICE IMPASSES PANEL, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00481)

———

*William W. Osborne Jr.* argued the cause for appellant. With him on the briefs were *Marie Louise Hagen* and *Marguerite L. Graf*.

*James F. Blandford*, Attorney, Federal Labor Relations Authority, argued the cause for appellees Federal Service Impasses Panel and the Federal Labor Relations Authority. With him on the brief were *Rosa M. Koppel*, Solicitor, and *William R. Tobey*, Deputy Solicitor.

*R. Craig Lawrence* and *Beverly M. Russell*, Assistant U.S. Attorneys, and *Michael Doherty*, Attorney, Federal

Aviation Administration, were on the brief for appellee Federal Aviation Administration.

Before: GINSBURG and TATEL, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*:  When the National Air Traffic Controllers Association (the Union) and the Federal Aviation Authority reached an impasse in collective bargaining, the Union sought the aid of the Federal Service Impasses Panel. The FSIP declined to assert jurisdiction, whereupon the Union sued the FSIP, the FAA, and the Federal Labor Relations Authority, seeking both a declaratory judgment that the FSIP had jurisdiction over an impasse involving the FAA and an injunction requiring the FSIP to assert jurisdiction over all such pending and future impasses.  The district court dismissed the suit for lack of subject matter jurisdiction.  For the reasons that follow, we affirm that order insofar as it applies to the FAA but reverse it with respect to the FSIP and the FLRA.

## I. Background

We first explain the roles played by the agencies involved in this suit.  We then recount the factual and procedural background of this case.

## A. The FLRA and the FSIP

The "Congress established a distinct regulatory framework for collective bargaining between federal agencies and their employees under the Federal Service Labor-Management Relations Statute," which was passed as part of

the Civil Service Reform Act of 1978 and codified in Chapter 71 of Title 5 of the U.S. Code. *NATCA v. FSIP*, 437 F.3d 1256, 1258 (D.C. Cir. 2006) [hereinafter *NATCA I*]. "The Statute grants federal agency employees the right to organize, provides for collective bargaining, and defines various unfair labor practices." *Nat'l Fed'n of Fed. Employees v. Dep't of Interior*, 526 U.S. 86, 88 (1999).

The FLRA is "primarily responsible for administering" the Statute. *NATCA I*, 437 F.3d at 1258. Much as the National Labor Relations Board does for the private sector, the FLRA "determine[s] the appropriateness of units for labor organization representation," "conduct[s] elections to determine whether a labor organization has been selected as an exclusive representative" and, most relevant here, "conduct[s] hearings and resolve[s] complaints of unfair labor practices" arising out of negotiations between a federal agency employer and the union that represents its employees. 5 U.S.C. § 7105(a)(2). Except in circumstances not relevant here, a final order issued by the FLRA is reviewable in the court of appeals. *Turgeon v. FLRA*, 677 F.2d 937, 938 (D.C. Cir. 1982) (citing 5 U.S.C. § 7123(a)).

The General Counsel of the FLRA, who "serves at the pleasure of the President," has by statute "separate authority" from that of the FLRA. *Turgeon*, 677 F.2d at 938 n.4. Her principal duties are to investigate unfair labor practice charges, issue unfair labor practice complaints arising from those charges, and prosecute those complaints before the FLRA. *Id.* A union or an employer accusing its counterpart of an unfair labor practice first submits a charge to a Regional Director of the FLRA, 5 C.F.R. § 2423.6(a), who, acting "on behalf of the General Counsel," investigates the charge, 5 C.F.R. § 2423.8(a), and decides whether to issue a complaint, 5 C.F.R. § 2423.10(a). If the Regional Director dismisses the

charge, then the charging party may appeal that decision to the General Counsel, 5 C.F.R. § 2423.11(c), but the General Counsel's decision whether to issue a complaint is not subject to judicial review, *see Turgeon*, 677 F.2d at 940.

The FSIP, "an entity within the" FLRA, "serves as a forum of last resort in the speedy resolution of disputes between a federal agency and the exclusive representatives of its employees after negotiations have failed." *NATCA I*, 437 F.3d at 1257–58 (citing *Council of Prison Locals v. Brewer*, 735 F.2d 1497, 1501 (D.C. Cir. 1984)) (internal quotation marks omitted). The FSIP must "promptly investigate any impasse presented to it," 5 U.S.C. § 7119(c)(5)(A), and then "either (1) Decline to assert jurisdiction ... [for] good cause ... or (2) Assert jurisdiction," 5 C.F.R. § 2471.6(a). If the FSIP asserts jurisdiction, then it may ultimately "take whatever action is necessary and not inconsistent with [the Statute] to resolve the impasse," 5 U.S.C. § 7119(c)(5)(B)(iii), "including binding arbitration," *Am. Fed'n. of Gov't Employees v. FLRA*, 691 F.2d 565, 569 n.26 (D.C. Cir. 1982); *see* 5 C.F.R. § 2471.6(a)(2)(ii). A decision of the FSIP declining to assert jurisdiction over an impasse "is not reviewable 'except in extraordinary circumstances,' because 'Congress precluded direct judicial review of Panel orders.'" *NATCA I*, 437 F.3d at 1262 (quoting *Brewer*, 735 F.2d at 1498).

B. Factual and Procedural Background

The present drama unfolded in two acts, the first beginning in 2003 and the second in 2006. We begin, however, with a brief prologue reviewing the statutory provisions that form the background for these events.

In 1995 the Congress "directed the FAA to establish its own personnel management system." *NATCA I*, 437 F.3d at 1259. In 1996, one day after the FAA had established its system, the Congress exempted that system from the requirements of Title 5 of the U.S. Code (Government Organizations and Employees) except, in relevant part, those in Chapter 71, *i.e.*, the Statute. *Id.* at 1259–60; *see* 49 U.S.C. § 40122(g)(2)(C) (providing exemption). Later that year the Congress enacted 49 U.S.C. 106(*l*), which provides: "In fixing compensation and benefits ... the Administrator [of the FAA] shall not engage in any type of bargaining, except to the extent provided for in section 40122(a)" of Title 49. *See NATCA I*, 437 F.3d at 1260. That section in turn requires the FAA to negotiate with the representative of its employees before making a change to its personnel management system; if such negotiation reaches an impasse, then the FAA must first use the "services of the Federal Mediation and Conciliation Service" and, if mediation fails, "transmit[] the proposed change ... to Congress."

In 2003 the FAA reached an impasse in contract negotiations with both the NATCA and the Professional Airways Systems Specialists, another union. *NATCA I*, 437 F.3d at 1258. The two Unions "sought the assistance" of the FSIP. *Id.* The FAA argued the FSIP lacked jurisdiction because, although 5 U.S.C. § 7119 generally provides the FSIP with jurisdiction over an impasse between a federal agency and a union, 49 U.S.C. § 106(*l*) specifically prohibits the FAA from bargaining over compensation and benefits except as provided in 40122(a), which makes no mention of the FSIP. *NATCA I*, 437 F.3d at 1260–61. In January 2004 the FSIP declined to assert jurisdiction on the ground that it was "unclear whether [it] ha[d] the authority to resolve the parties' impasse." The Panel went on to say the question whether the Congress had divested it of jurisdiction over

compensation-related impasses involving the FAA "must be addressed in an appropriate forum before the [FSIP would] commit[] its resources" to assist in "resolving the merits of [the] impasse." The FSIP did not indicate what forum it believed was "appropriate."

The Unions then sued the FSIP and the FLRA in the district court, seeking both a declaration that "the FSIP's decisions … are in violation of specific provisions of the Panel's statutory authority" and an order that the FSIP "proceed forthwith to resolve the existing impasses." Citing *Brewer*, the district court held it did not have jurisdiction to review the decision of the FSIP and dismissed the case. *NATCA v. FSIP*, No. Civ. A. 04-0138(RMC), 2005 WL 418016, at *4–5 (Feb. 22).

We affirmed, explaining that "a Panel order" is subject to review in district court only in the "exceptional circumstances" identified in *Leedom v. Kyne*, 358 U.S. 184 (1958), *viz.*, where (1) the agency acts "in excess" of its "delegated powers and contrary to a specific prohibition" that "is clear and mandatory," and (2) denying review "would wholly deprive [a party] of a meaningful and adequate means of vindicating its statutory rights." *NATCA I*, 437 F.3d at 1263 (internal quotation marks omitted).

Neither requirement was met in that case. There was no "specific and unambiguous statutory directive" about the jurisdiction of the FSIP over an impasse between the FAA and a union; on the contrary, there were "compelling arguments" on each side "regarding the proper interpretation of the disputed statutory provisions." *Id.* at 1264. In addition, "the Unions [could] vindicate their statutory rights and gain appropriate redress before the FLRA." *Id.* at 1265. We then described a path by which the Unions could seek review in

that forum, namely, by challenging the FAA's refusal to submit to the jurisdiction of the FSIP as an "unfair labor practice." If the General Counsel filed a complaint based upon that charge, then the FLRA would have to answer the underlying question about jurisdiction. *Id.* at 1265.

Our decision, however, was not the last word on the 2003 impasse. As it happened, even before we heard its appeal the Union had filed an unfair labor practice charge concerning that impasse, and after we issued our decision a Regional Director of the FLRA entered into a "unilateral Settlement Agreement" with the FAA in lieu of issuing a complaint.

In 2006 the Union again reached an impasse with the FAA and again requested help from the FSIP, which again declined to assert jurisdiction, giving again the explanation it had given in 2004. In due course the Union again filed an unfair labor practice charge alleging the FAA had "refused to bargain under the auspices" of the FSIP.

A Regional Director of the FLRA dismissed that charge on the ground that "issuance of a complaint [was] not warranted" because 49 U.S.C. § 40122(a) deprived the FSIP of jurisdiction over the impasse. The Union appealed to the General Counsel, who denied both the appeal and the Union's subsequent motion for reconsideration. Because the General Counsel did not issue a complaint, the question of the FSIP's jurisdiction raised by the unfair labor practice charge was never put before the FLRA.

In 2008 the Union sued the FSIP, the FLRA, and the FAA. It sought both a declaration that "the FSIP has mandatory jurisdiction to resolve impasses between the FAA and labor organizations … of the same kind and extent as its mandatory jurisdiction over such impasses between other

federal agencies and exclusive representatives of their employees" and an injunction in support of that declaration. In its motion for summary judgment, the Union argued the exception provided in § 40122(a) and referred to in § 106(*l*) does not "divest the FSIP of its ... jurisdiction" over an impasse between the FAA and one of its unions.

The FSIP and the FLRA moved to dismiss, arguing the Union was seeking review of a decision of the FSIP, which review was beyond the jurisdiction of the court. The FAA filed its own motion to dismiss, contending in addition that (1) the Union did not have standing to sue the FAA because the "harm [it] alleged ... is not 'traceable' to the FAA and cannot be redressed by that Agency"; and (2) the Union "failed to plead facts indicating that it can receive relief from the FAA."

The district court granted the agencies' motion to dismiss the suit for lack of subject matter jurisdiction. The court explained that "the [FLRA] is the appropriate forum to determine whether the Panel has jurisdiction," *NATCA v. FSIP*, 582 F. Supp. 2d. 18, 19 (2008), and that therefore the court did not have jurisdiction to review "[a] decision by the FLRA's General Counsel to settle or dismiss an unfair labor practice charge, instead of issuing a complaint," *id.* at 21. In the court's view, the Union effectively had asked it to do just that, seeking "the same [ruling] it sought before the Panel and before the FLRA—a ruling that the Panel has jurisdiction to resolve these impasses." *Id.*

The specific impasse that prompted the Union to seek assistance from the FSIP in 2006 was resolved in 2009

through mediation.[*]   The Union and the FAA continue to negotiate about other matters.

---

[*]The appellees do not argue this suit is therefore moot, but we must consider the question nonetheless.  *See Ass'n of Admin. Law Judges v. FLRA*, 397 F.3d 957, 960 n.* (D.C. Cir. 2005).  We conclude the suit is not moot because the plaintiff is "seek[ing] declaratory relief as to an ongoing policy."  *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009); *see Entergy Servs., Inc. v. FERC*, 391 F.3d 1240, 1246 (D.C. Cir. 2004) ("it is true that a petitioner with a mooted individual controversy may at times have standing to challenge an ongoing policy"); *City of Houston, Tex. v. Dep't of Housing and Urban Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994) ("if a plaintiff's specific claim has been mooted, it may nevertheless seek declaratory relief forbidding an agency from imposing a disputed policy in the future"). The plaintiff must still have standing to challenge the policy and the "request for declaratory relief [must be] ripe."  *Del Monte*, 570 F.3d at 321; *see Entergy Servs.*, 391 F.3d at 1246.

In this case the Union has standing because the disputed policy injures it both by denying it recourse to the services of the FSIP with respect to impasses that will likely arise between it and the FAA in the foreseeable future and by denying the Union, in negotiations with the FAA, whatever leverage it derives from the ability to threaten recourse to the FSIP.  We determine whether a request for declaratory relief is ripe by "evaluat[ing] both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Toca Producers v. FERC*, 411 F.3d 262, 289 (D.C. Cir. 2005) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).  "In applying the ripeness doctrine to agency action we balance the interests of the court and the agency in delaying review against the petitioner's interest in prompt consideration of allegedly unlawful agency action."  *Toca*, 411 F.3d at 289.  The issue here involves a pure question of law, and neither the court nor agencies have a cognizable interest in delaying review.

## II. Analysis

We review "*de novo* the district court's grant of a motion to dismiss for lack of subject matter jurisdiction." *Piersall v. Winter*, 435 F.3d 319, 321 (D.C. Cir. 2006). We consider first whether the district court lacked subject matter jurisdiction over this case because, as in *NATCA I*, the complaint seeks review of an unreviewable decision of the FSIP or of the General Counsel of the FLRA. We then consider two issues the FAA raises alone — whether the court lacks jurisdiction over the case against it because of sovereign immunity and whether the Union fails to state a claim upon which relief can be granted against the FAA.

## A. Reviewability

The Union argues the district court has subject matter jurisdiction because it is seeking a declaratory judgment rather than "review of, or relief from an administrative determination by the General Counsel ... or the FSIP." The agencies all contend the court does not have jurisdiction because the Union is seeking review of just such a decision, review of which is precluded by a specific statute and therefore cannot be founded upon "more general grants of judicial authority," such as 28 U.S.C. § 1331 (federal question jurisdiction).

There can be no doubt, and the petitioners agree, the district court lacks jurisdiction to review the decisions of the FSIP and of the General Counsel respectively declining jurisdiction over the impasse and refusing to issue an unfair labor practice complaint. *See NATCA I*, 437 F.3d at 1258; *Turgeon*, 677 F.2d at 940. Unlike the complaint the Union filed in 2004, however, its complaint in this case does not ask the court to review either of those decisions. Whereas the

Union in the former case asked the court to "[d]eclare ... the FSIP's decisions of January 9, 2004 [declining jurisdiction were] in violation of specific provisions of the Panel's statutory authority," the Union's complaint here identifies no specific decision of the FSIP or of the General Counsel. Rather, it complains of the "FSIP's refusal to exercise its mandatory ... jurisdiction over ... negotiation impasses between the FAA and labor organizations representing its employees" and asks the court to "[d]eclare ... the FSIP has mandatory jurisdiction to resolve [such] impasses."*

Declaring the FSIP has jurisdiction over impasses between the FAA and the Union would not require the district court to review the decision of the FSIP declining jurisdiction on the ground that an "appropriate forum" had not yet addressed whether it had such jurisdiction. The FSIP did not reach, let alone answer, the question whether it has jurisdiction over impasses between the FAA and the Union. Nor would the district court need to review the General Counsel's decision not to issue a complaint. The effect of that decision was to prevent the FLRA from adjudicating the Union's unfair labor practice charge and the claim entailed therein that the FSIP does indeed have mandatory jurisdiction over an impasse involving the FAA.** Nothing the district

---

* That the Union also seeks an injunction does not alter our analysis of whether it is asking the district court to review an unreviewable decision; the injunction is merely a means by which to enforce the requested declaratory judgment.

** The Union charged the FAA with failing to bargain in good faith because the FAA objected to the FSIP asserting jurisdiction over the impasse. If the FSIP had jurisdiction, then the FAA was acting in bad faith when it refused to accept the mediation and other services of the FSIP. As we explained in *NATCA I*: "[I]f the Unions' interpretation of the disputed statutory provisions [defining the jurisdiction of the FSIP] is correct, then it is clear that they have

court does will reverse the decision not to issue a complaint in this case. Because the Union does not seek review of a decision of either the FSIP or the General Counsel, the district court erred in dismissing the case for lack of jurisdiction.

The agencies and the district court all seem to have read *NATCA I* so broadly as to require that any question about the jurisdiction of the FSIP — even one that does not entail reviewing a decision of the Panel — be submitted to the FLRA in the garb of an unfair labor practice charge and resolved by the FLRA before a court may consider it.[*] In *NATCA I*, however, we determined only that, under *Leedom v. Kyne*, a decision of the FSIP to decline jurisdiction over a bargaining impasse is not reviewable in court until the FLRA has first reviewed it. 437 F.3d at 1258. In the present case the Union does not seek review of an FSIP decision; hence *NATCA I* has no bearing upon the jurisdiction of the district court.

Nor is there reason to believe the Congress intended to keep the courts from ever considering a question about the jurisdiction of the FSIP until the FLRA has passed upon it. Indeed if every such question had to be framed as an unfair

---

viable unfair labor practice charges that can be raised with and addressed by the FLRA." 437 F.3d at 1265.

[*]*See, e.g.*, FAA's Br. 6 (*NATCA I* held "the proper course of action for the Unions to resolve the issue of the appropriate impasse mechanism for FAA and its Unions was by filing" an unfair labor practice charge); FSIP's Br. 11 (*NATCA I* held the "proper forum for addressing the underlying question of the Panel's jurisdiction is the FLRA"); *NATCA v. FSIP*, 582 F. Supp. 2d 18, 19 (D.D.C. 2008) (*NATCA I* held in order to "determine whether the [FSIP] is an available mechanism to resolve certain types of impasses" the "proper course of action" is to "file an unfair labor practices charge ... with the FLRA").

labor practice charge and resolved first by the FLRA, then it would be the General Counsel who, by her exercise of unreviewable discretion not to issue a complaint, could strip the court of jurisdiction over issues concerning the reach of the FSIP's authority. We do not believe the Congress intended the General Counsel of the FLRA to exercise such control over our jurisdiction.[*]

B. Separate Arguments of the FAA

The FAA alone makes two additional arguments. First, it contends the district court lacks subject matter jurisdiction over this suit against it because, although the Union is suing agencies of the Federal government, it has identified no waiver of sovereign immunity to this type of suit. In reply, the Union invokes 5 U.S.C. § 702 (Administrative Procedure Act), which waives immunity in "actions seeking relief 'other than money damages'" from an agency of the United States. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999)). We agree § 702 provides the necessary waiver.

---

[*] We are not unaware the Supreme Court has said "the FLRA shall [first] pass upon issues arising under the [Statute], thereby bringing its expertise to bear on the resolution of those issues." *EEOC v. FLRA*, 476 U.S. 19, 23 (1986). The agencies properly do not cite that case because the Court made the quoted statement in relation to 5 U.S.C. § 7123, which provides a party seeking review of a final order of the FLRA may not raise an "objection that has not been urged before the Authority." The Union is not seeking review of a final order of the FLRA — indeed, the FLRA has issued no final order — nor is the Union belatedly raising in court any objection to the FSIP's refusal to assert jurisdiction over its impasse with the FAA that the Union failed to raise before the agencies.

Although it is true the Union did not refer to § 702 in its complaint, "courts are not restricted to the statutory basis [for jurisdiction] alleged if the factual allegations fairly support an alternative basis." *United States v. AT&T*, 551 F.2d 384, 389 n.7 (D.C. Cir. 1976); *see, e.g.*, *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999) ("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction"). It is clear from the facts of this case, in which the Union is suing agencies of the United States and seeking non-monetary relief, § 702 provides a waiver of sovereign immunity.

Second, the FAA argues that because "none of the relief sought by [the Union] can be obtained from the FAA," the Union's complaint fails to state a claim upon which relief can be granted against the FAA. *See* Fed. R. Civ. P. 12(b)(6). The point, to which the Union makes no reply, is obviously well taken.

## III. Conclusion

For the forgoing reasons, we affirm the order of the district court insofar as it dismissed this case against the FAA and reverse that order insofar as it dismissed the case against the FSIP and the FLRA. Accordingly, the matter is remanded to the district court for further proceedings consistent with this opinion.

*So ordered.*