**Michael L. DAVIS, United States of America ex rel., Appellant**

v.

**DISTRICT OF COLUMBIA and United States of America, Appellees.**

No. 09–5427.

United States Court of Appeals, District of Columbia Circuit.

Feb. 15, 2011.

Rehearing En Banc Denied April 1, 2011.

Harvey Joseph Volzer, Esquire, Shaughnessy Volzer & Gagner, PC, Alexandria, VA, for Appellant.

Stacy Anderson, Assistant, Donna M. Murasky, Esquire, Deputy Solicitor, Todd Sunhwae Kim, Solicitor General, Office of the Attorney General, District of Columbia Office of the Solicitor General, Brian James McCabe, U.S. Department of Justice, Washington, DC, for Appellees.

Before: GINSBURG and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and oral arguments, for the reasons explained in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See FED. R.APP. P. 41(b); D.C.CIR. R. 41.

### MEMORANDUM

Relator Michael L. Davis brought this *qui tam* action on behalf of the United States pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (2000). Davis argues that the District of Columbia ("the District") violated 31 U.S.C. § 3729(a)(1)-(3) by knowingly making a false claim for Medicaid reimbursement, knowingly making or using false records or statements to get a false claim for Medicaid reimbursement approved, and conspiring to defraud the federal government through a false or fraudulent claim. The United States chose not to intervene under 31 U.S.C. § 3730(b)(2) & (4), and the District moved to dismiss the claim for failure to demonstrate subject matter jurisdiction and state a claim for relief. The district court granted the motion and then denied the relator's motion for reconsideration. We review the order granting dismissal for lack of subject matter jurisdiction *de novo,* see, e.g., *Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel,* 606 F.3d 780, 786 (D.C.Cir.2010), and the order denying reconsideration for abuse of dis-

cretion, see *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996).

■ The FCA provides in relevant part that "[n]o court shall have jurisdiction over an action ... based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, [or] in a congressional, administrative or [GAO] report ... unless ... the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). An original source is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." *Id.* § 3730(e)(4)(B). Relator argues first that the "allegations or transactions" had not been publicly disclosed. But in September 2000, the GAO issued a report, *Anti–Deficiency Act Violation Involving the District of Columbia Health and Hospitals Public Benefit Corporation*, B–285725, Sept. 29, 2000, describing the commingling of funds that are at the core of Davis's allegations. Evidence of fraud was also revealed during a prior lawsuit, in which Davis sued the District for breach of contract. See *Davis v. Williams*, 892 A.2d 1144 (D.C.2006)(affirming dismissal for failure to exhaust administrative remedies).

In the alternative, relator argues that he meets the original source exception. In *United States ex rel. Findley v. FPC–Boron Employees' Club*, 105 F.3d 675 (D.C.Cir.1997), we not only held that a relator must meet § 3730(e)(4)(B)'s explicit requirements that the relator have "direct and independent" knowledge and provide the information to the federal government prior to filing a claim, but we also required that the relator provide the information to the government prior to any public disclo-

sure. *Id.* at 690–91. The Supreme Court's decision in *Rockwell International Corp. v. United States*, 549 U.S. 457, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007), may call into question the implicit requirement we identified in *Findley*, but as we have not been asked to revisit *Findley*, and the case may be resolved without regard to whether *Findley* remains valid, we shall simply assume *arguendo* that the requirement of disclosure to the government prior to public disclosure does not apply.

■ Even so, relator's argument fails. Assuming that relator had "direct and independent knowledge," he did not timely show that he had provided the information to the federal government before filing his FCA action, as is explicitly required by § 3730(e)(4)(B). Relator points out that he provided the district court with a personal disclosure of some 500–pages in which he briefly mentions speaking with the FBI and Department of Health and Human Services prior to the time of the complaint, and he also argues that the district court had before it an opinion in a related case in which another judge had found relator to be an original source because he had spoken with federal authorities prior to the time of the complaint. But relator did not bring this evidence to the attention of the district court, despite multiple opportunities to do so. The District raised § 3730(e)(4)(B)'s disclosure requirement in its motion to dismiss, Mot. to Dismiss at 23, App. at 45, but relator provided no evidence in response, save to say that "[t]he exact parameters of Section 3730(e)(4)(B) are unknown" and that he had informed *District*, not Federal, officials of the allegations. Opp'n to Mot. to Dismiss at 3–4, App. at 84–85. The district court then asked Davis to produce the information that was sent to the government prior to filing the complaint, quoting (without citation) to the requirement in

§ 3730(b)(2). Memo. to Counsel, App. at 99. Davis then provided evidence of his contemporaneous filing of the complaint and notice to the government. Letter to the District Court, App. at 100–02.

Then, in its reply to Davis's supplemental memorandum, the District raised the point that Davis *still* had not satisfied § 3730(e)(4)(B)'s explicit disclosure requirement (not dependent in any way on the status of *Findley*). Supplemental Memorandum in Reply, App. at 103–05. At oral argument via teleconference, the district court asked relator to provide evidence to satisfy § 3730(e)(4)(B)'s disclosure requirements, but relator did not provide such evidence even at argument. Teleconf. Trans. at 5–8, App. at 144–47. The district court was aware of relator's contemporaneous disclosure to the federal government of his *qui tam* complaint, which it rightly found was insufficient to meet § 3730(e)(4)(B)'s standard that the information is provided to the federal government "before filing an action."

■ On motion to reconsider, which we construe as a Rule 59(e) motion, relator offered letters he sent to various federal officials prior to the time of the complaint, but we do not believe the district court abused its discretion in nonetheless denying the motion to reconsider. A Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (internal quota-

tion marks omitted). Relator has not argued that there has been a change in the law or that the evidence was new (indeed, he argues the evidence was not new), and given the ample opportunities relator had to timely produce additional evidence to the district court (as described above), we cannot say that the district court abused its discretion in refusing to find that denial would lead to manifest injustice. See *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C.Cir. 2004) ("We also cannot find that the district court abused its discretion in concluding that '[m]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.'" (citation omitted)).

■ Finally, relator argues that the district court did not receive written consent of the United States prior to dismissal, citing a statement in an earlier district court order and § 3730(b)(1). This argument, however, is foreclosed, as it was only raised in relator's reply brief and "we typically disregard arguments that pop up only at that stage, when the appellee's chance to respond has passed." *Bender v. Jordan*, 623 F.3d 1128, 1133 (D.C.Cir.2010) (citing *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983)).